VILLANTI, Judge.
The Seminole Tribe of Florida appeals an order dismissing the Tribe’s third amended complaint after the trial court *1074 concluded that the action was preempted by the Florida Electrical Power Plant Siting Act (the PPSA), sections 403.501-518, Florida Statutes (2011). Because we find no preemption on the facts of this case, we reverse.
This case involves the interplay of section 163.3215, Florida Statutes (2011), and sections 403.501-.518. Hendry County has adopted a comprehensive development plan. Section 163.3194(l)(a) provides that once a comprehensive plan has been adopted, all development undertaken and all actions taken in regard to development must be consistent with that comprehensive plan.
McDaniel Reserve Realty Holdings owned land abutting the Tribe’s reservation on one side. In May 2011, at McDaniel’s request, the County passed Ordinance 2011-07, which rezoned eleven parcels of land (3123 acres) from general agricultural use to a Planned Unit Development (PUD). The sole purpose of the rezoning ordinance was to allow construction of an electric power plant on the land. McDaniel subsequently sold the land to Florida Power & Light Company, which could then build a power plant.[1]
The Tribe filed a complaint for declaratory relief pursuant to section 163.3215(3) to challenge the County’s enactment of the ordinance. This statute provides a cause of action to challenge actions perceived as inconsistent with the comprehensive plan. Accordingly, the Tribe’s complaint alleged that the rezoning decision was inconsistent with the County’s comprehensive plan. Thereafter, Florida Power intervened in the case.
In addition to filing the declaratory action, the Tribe filed a petition for writ of certiorari seeking to quash the county ordinance. The circuit court denied certiora-ri.[2] Relevant to this appeal, in the order denying the certiorari petition, the circuit court noted that ultimate approval or denial of a power plant fell under the PPSA and that the PPSA was intended to be a centrally coordinated, one-stop licensing process for power plant projects. The court then opined that in cases such as this one, involving power plants, the procedures set forth in section 163.3215 were thereby preempted or superseded by the PPSA.
Armed with the trial court’s order in the certiorari petition, the County and Florida Power filed a motion to dismiss the Tribe’s third amended complaint in the declaratory action, arguing that the PPSA completely preempted section 163.3215 as a method for challenging the County’s decision to rezone the site to allow the construction of a power plant. The trial court accepted the argument, concluding that “[t]he PPSA provides [the Tribe] with the opportunity to raise the issue of consistency with the Hendry County Comprehensive Plan during the certification process under the PPSA.” The court granted the County’s motion to dismiss with prejudice on the basis of preemption.
In this appeal, the Tribe contends that the PPSA does not preempt or even yet apply here because there has never been a power plant application made under the PPSA. We find the Tribe’s argument legally compelling, requiring us to reverse the order on appeal. To explain why there can be no preemption in this case, we *1075 begin with a discussion of several sections of the PPSA. Section 403.502 reads:
The Legislature finds that the present and predicted growth in electric power demands in this state requires the development of a procedure for the selection and utilization of sites for electrical generating facilities and the identification of a state position with respect to each proposed site and its associated facilities .... The Legislature finds that the efficiency of the permit application and review process at both the state and local level would be improved with the implementation of a process whereby a permit application would be centrally coordinated and all permit decisions could be reviewed on the basis of standards and recommendations of the deciding agencies.
Section 403.506(1) then provides:
The provisions of this act shall apply to any electrical power plant as defined herein, except that the provisions of this act shall not apply to any electrical power plant of less than 75 megawatts in gross capacity....
And section 403.510 provides:
(1) If any provision of this act is in conflict with any other provision, limitation, or restriction under any law, rule, regulation, or ordinance of this state or any political subdivision, municipality, or agency, this act shall govern and control, and such law, rule, regulation, or ordinance shall be deemed superseded for the purposes of this act.
(2) The state hereby preempts the regulation and certification of electrical power plant sites and electrical power plants as defined in this act.
(Emphasis added.) Section 403.511 also provides:
(1) Subject to the conditions set forth therein, any certification shall constitute the sole license of the state and any agency as to the approval of the location of the site and any associated facility and the construction and operation of the proposed electrical power plant, except for the issuance of department licenses required under any federally delegated or approved permit program and except as otherwise provided in subsection (4).
[[Image here]]
(3)The certification and any order on land use and zoning issued under this act shall be in lieu of any license, permit, certificate, or similar document required by any state, regional, or local agency pursuant to, but not limited to, chapter 125, chapter 161, chapter 163, chapter 166, chapter 186, chapter 253, chapter 298, chapter 373, chapter 376, chapter 379, chapter 380, chapter 381, chapter 387, chapter 403, except for permits issued pursuant to any federally delegated or approved permit program and except as provided in chapter 404 or the Florida Transportation Code, or 33 U.S.C. s. 1341.
(Emphasis added.) It is clear from this statutory language that the PPSA is a “ ‘centrally coordinated, one-stop licensing process.’” See Seminole Elec. Coop., Inc. v. Dep’t of Envtl. Prot., 985 So.2d 615, 616 (Fla. 5th DCA 2008) (quoting § 403.510(3)).
Section 403.50665 then sets forth the process to determine if a power plant at a particular site is consistent with the local government’s comprehensive plan. The power plant “applicant shall include in the application a statement on the consistency of the site ... with existing land use plans and zoning ordinances that were in effect on the date the application was filed and a full description of such consistency.” § 403.50665(1). Within forty-five days after the filing of the application, each local government shall file a determination with *1076 the department, the applicant, the administrative law judge, and all parties on the consistency of the site with existing land use plans and zoning ordinances that were in effect on the date the application was filed, based on the information provided in the application. § 40S.50665(2)(a). If the local government issues a determination that the proposed site is not consistent with local land use plans and zoning ordinances, the applicant may apply to the local government for the necessary local approval to address the inconsistencies identified in the local government’s determination. § 403.50665(3)(a). If the applicant makes an application to the local government to rezone, the time schedules under the PPSA are tolled until the local government issues its revised determination on land use and zoning or until the applicant otherwise withdraws its application to the local government. § 403.50665(3)(b). Finally, “[i]f any substantially affected person wishes to dispute the local government’s determination, he or she shall file a petition with the designated administrative law judge within 21 days after the publication of notice of the local government’s determination.” § 403.50665(4).
In determining whether a power plant certification application should be approved, the power plant siting board must consider, among several factors, whether the location, construction, and operation of the power plant will “[b]e consistent with applicable local government comprehensive plans and land development regulations.” § 403.509(3)(c). Based on all of the above-quoted statutory language, the County and Florida Power argued below, as they do here, that the PPSA preempted section 163.3215(3) and that the Tribe was asking the trial court to undergo the same analysis that would have to be done by a different state agency under the PPSA. There is, however, one major flaw in the County and Florida Power’s argument and in the trial court’s ruling: they incorrectly assume that the Tribe can challenge the rezoning in the PPSA application process even though the rezoning has already taken place in this case before any PPSA application has been filed. That is not the case.
The language of section 403.50665 provides:
(1) The applicant shall include in the application a statement on the consistency of the site and any associated facilities that constitute a “development,” as defined in s. 380.04, with existing land use plans and zoning ordinances that were in effect on the date the application was filed and a full description of such consistency....
(2)(a) Within 45 days after the filing of the application, each local government shall file a determination with the department, the applicant, the administrative law judge, and all parties on the consistency of the site, and any associated facilities that are not exempt from the requirements of land use plans and zoning ordinances under chapter 163 and s. 380.04(3), with existing land use plans and zoning ordinances that were in effect on the date the application was filed, based on the information provided in the application.
(Emphasis added.) It is clear from the emphasized language that the PPSA process does not afford the Tribe as comprehensive a remedy as allowed by chapter 163. During the PPSA process, the board will have to determine only if the proposed use is consistent with the land use plan and zoning ordinances that are in effect on the date the power plant application was filed. See § 403.508(l)(c) (“The sole issue for determination at the land use hearing shall be whether or not the proposed site *1077 or nonexempt associated facility is consistent and in compliance with existing land use plans and zoning ordinances.” (emphasis added)). If the proposed site conforms with existing land use plans and zoning ordinances in effect as of the date of the application, the inquiry ends. § 403.508(l)(e). The power plant siting board will only be concerned with the zoning in effect at the time when the PPSA application is made, not the original zoning that was changed by the May 2011 ordinance. Thus, the County’s rezoning before the filing of a PPSA application directly changed the “baseline” that will be evaluated in the PPSA process.
The provisions of chapters 163 and 403 are distinct. The PPSA process provides a separate and independent path to challenge rezoning decisions that take place within the power plant certification process, but it is not inconsistent with the provisions to challenge rezoning contained in chapter 163.. In re South Broward County Resource Recovery Project Power Plant Siting Certification Application PA 85-21, Case No. 85-1106EPP, 1985 WL 306501 (Fla. DOAH Sept. 18, 1985), illustrates the problem. In that case, Broward County approved rezoning of land to a “Special Use Planned Unit Development District” one year before the PPSA application. Id. at *3. When a concerned group challenged the proposed facility at the subsequent PPSA land use hearing, arguing that it was inconsistent with the existing land use plans and zoning ordinances, the Division of Administrative Hearings rejected its objection because “Broward County’s decision is final, and these proceedings do not provide a forum to collaterally attack it.” Id. at *4. The administrative law judge stated that the sole issue for determination at the land use hearing was whether the proposal was consistent with existing land use plans and zoning ordinances. Id. Notably, footnote al in that case reads:
Section 403.508(2), Florida Statutes, does not provide a forum to review rezoning decisions. Such decisions are peculiarly of local concern, and subject to their own review process. Consequently, while all elements of a comprehensive plan may be germane to the County’s decision to rezone a site or to issue a development order, and made the subject of an appeal from that decision, only the land use element of the plan is pertinent to a land use hearing under section 403.508(2).
(Emphasis added.) The administrative law judge did not rely on preemption to reject the challenge to the rezoning obtained prior to the PPSA application. Rather, he clearly stated that rezoning decisions are “subject to their own review process.” Id. Unless we reverse, the Tribe -will find itself in the same position as the challengers in In re South Broward County Resource Recovery.
In conclusion, based on the statutory language discussed above, there is no question that the PPSA procedures would have applied in this case if Florida Power had requested rezoning of the land after filing a PPSA application — in that case, the PPSA would have preempted a challenge under section 163.3215. But that is not what happened here. McDaniel strategically applied for rezoning before any application had ever been filed under the PPSA. In fact, no such application has yet been filed. Hence, even though the trial court correctly noted that the PPSA is a “centrally coordinated, one-stop licensing process,” in the factual context of this case, the trial court was incorrect in its assessment that preemption could therefore bar a section 163.3215 challenge. Moreover, in the trial court, Florida Power acknowledged that the application for rezoning had *1078 been made pre-PPSA application to save time. Florida Power “wanted to have that zoning approval in place so that when the application came forward [it] would not have ... to stop the power plant siting process to go get that approval.” On these facts, therefore, there can be no preemption at this stage of the proceedings. The appellees elected to obtain rezoning outside of the PPSA context, thereby subjecting the County’s decision to challenge under the provisions of section 163.3215(3).
Reversed and remanded for further proceedings consistent with this opinion.
DAVIS and SLEET, JJ., Concur.

. The power plant will ultimately be subject to approval or disapproval under the PPSA, but no application or notice of intent to file a PPSA application has yet been filed.

. The Tribe sought second-tier certiorari review with this court. This court denied the petition in January 2013. See Seminole Tribe of Fla. v. Hendry Cnty., 106 So.3d 19 (Fla. 2d DCA 2013).